**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EDDIE LOVE, #178609, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 26-cv-00302-JPG** |
| ) | |
| PULASKI COUNTY SHERIFF ) | |
| DEPARTMENT JAIL, ) | |
| LATEIA MARTIN, ) | |
| and JANE DOE, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Eddie Love, an inmate at Jefferson County Justice Center, brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from his assault by an officer at Pulaski County Detention Center.  (Doc. 1).  The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to filter out claims that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. 28 U.S.C. § 1915A.  At this stage, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 5): Plaintiff was repeatedly sexually assaulted by Officer Lateia Martin at Pulaski County Detention Center in July 2025.  The initial assault occurred while he was being escorted by a male officer from the indoor gym to the shower in full restraints.  His hands were cuffed behind his back, and his legs were shackled.  When he reached the shower, the male officer unlocked the door, and Officer Martin

1

pulled him into it.  She kissed his lips.  On other occasions, Officer Martin grabbed his genitals while placing him in restraints as he exited the shower.  These assaults occurred on or around July 16-20, 2025 and July 23-25, 2025.  *Id*.

### Preliminary Dismissals

Plaintiff sets forth no factual allegations against Pulaski County Sheriff Department Jail and Jane Doe.  Naming a defendant without describing that defendant's involvement in a constitutional deprivation is insufficient to state a claim.  *See Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994).  Because no allegations address either defendant, Pulaski County Sheriff Department Jail and Jane Doe are dismissed without prejudice.

### Discussion

Based on the allegations in the *pro se* Complaint, the Court designates the following counts:

**Count 1:**      Eighth or Fourteenth Amendment claim against Officer Martin for kissing the plaintiff and groping his genitals repeatedly between July 16-25, 2025.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

The applicable legal standard for this claim depends on the plaintiff's legal status when his claim arose.  If Plaintiff was a pretrial detainee, the Fourteenth Amendment Due Process Clause controls.  Under the Fourteenth Amendment, prison officials cannot inflict punishment on a person who has not yet been convicted of a crime.  *Kingsley v. Henderson*, 576 U.S. 389 (2015).  To articulate a claim in this context, a plaintiff must plausibly allege: (1) the defendant acted "purposefully, knowingly, or perhaps even recklessly" in using force against him; and (2) the force that was purposefully and knowingly used was also objectively unreasonable.  *Id.* at 396-97.

2

If Plaintiff was a convicted person, the Eighth Amendment controls. Under the Eighth Amendment, prison officials are prohibited from inflicting cruel and unusual punishment against a prisoner. An official who acts with deliberate indifference to an excessive risk to an inmate's health or safety violates the Eighth Amendment. *J.K.J. v. Polk*, 960 F.3d 367, 376 (7th Cir. 2020). Sexual assault amounts to an objectively excessive risk to the health and safety of an inmate under the Eighth Amendment. *Id*. at 376 ("To say that sexual assault . . . committed [by an officer] against [inmates] objectively imposed [a] serious risk to their safety would be an understatement.").

Plaintiff's allegations suggest that Officer Martin acted with knowledge, purpose, and deliberate indifference when she kissed his lips and repeatedly fondled his genitals while he was cuffed in July 2025. At this early stage, Count 1 survives screening against Officer Martin under the Eighth and Fourteenth Amendment, and this claim shall be dismissed without prejudice for failure to state a claim against Pulaski County Sheriff Department Jail and Jane Doe.

<u>**Disposition**</u>

The Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendant **LATEIA MARTIN**, and this claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim. **<u>The Clerk of Court is DIRECTED to TERMINATE PULASKI COUNTY SHERIFF'S DEPARTMENT JAIL and JANE DOE as parties in CM/ECF</u>**.

The Clerk of Court is **DIRECTED** to prepare for Defendant **LATEIA MARTIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the Defendant's place of employment as identified

by Plaintiff.  If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of the action.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: 5/20/2026**

**J. PHIL GILBERT**
**United States District Judge**

4

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve her with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to the Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. When the defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.