UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDDIE LOVE,

Plaintiff,

v.

LATEIA MARTIN,

Defendant.

Case No. 3:26-cv-00302-JPG

**ORDER**

This matter comes before the Court for case management purposes and on Plaintiff's Motion for Copies (Doc. 33) and Motion for Alternative Way to Submit Joint Report of Parties and Proposed Scheduling Order (Doc. 40).

Plaintiff filed a Motion for Copies that did not bear his signature. (Doc. 33). Plaintiff was instructed that the Court would strike his motion if he did not sign and refile it by September 1, 2026. (Doc. 34). Plaintiff failed to comply with the Court's Order. Therefore, the Clerk of Court is **DIRECTED** to strike Plaintiff's Motion for Copies (Doc. 33).

Further, on July 15, 2026, Attorney Joseph S. Davidson entered his appearance on behalf of Defendant Martin and, on August 3, 2026, filed an answer that raised the affirmative defense of exhaustion of administrative remedies. (Doc. 24). The Court notes that before the entry of Attorney Davidson's appearance, Defendant Martin had filed pro se an unsigned answer that did not raise that defense. (Doc. 13). The Court struck the unsigned answer due to Martin's failure to sign and resubmit it within the deadlines set by the Court. (Doc. 19).

The Court has considered the timeliness of Defendant Martin's answer filed on August 3, 2026. Review of the record shows that Defendant Martin has not returned an executed waiver of

service or been served with the summons. Because Defendant Martin's original pro se answer was struck and she has not been served with the summons or executed a waiver of service, the Court deems her answer that was filed on August 3, 2026, timely. *See* Fed. R. Civ. P. 12(a)(1)(A) (setting the deadline for responding to the complaint to 21 days from the service of summons or 60 days from sending a waiver of service when the defendant timely signs and returns the waiver).

Because Martin has now raised the affirmative defense of exhaustion of administrative remedies, the Court **VACATES** the Scheduling and Discovery Order on the merits (Doc. 14), as well as the Order assigning a "B" track and directing the parties to submit their Joint Report and Proposed Scheduling and Discovery Order by September 9, 2026 (Doc. 37). Plaintiff's Motion for Alternative Way to Submit Joint Report of Parties and Proposed Scheduling Order (Doc. 40) is **DENIED as moot**. The Court will enter a new scheduling order on the issue of exhaustion of administrative remedies.

**IT IS SO ORDERED.**
**DATED: September 8, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**